IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| PATRICK HEAD, et al., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff has filed several Motions requesting injunctive relief and/or temporary restraining orders. Specifically, Plaintiff requests the Court enjoin Defendants from forcibly shaving his beard, docs. 72, 78, require Defendants to provide him with law library access, docs. 74, 80, 83, 86, and access to photocopying, docs. 73, 81. Plaintiff also has filed three Motions to expedite proceedings. Docs. 84, 85, 89.

The Court turns first to Plaintiff's request for injunctive relief against Defendants. The Court begins by noting that Plaintiff was transferred to Macon State Prison on April 19, 2018. Doc. 78 at 3. Plaintiff was transferred again and is currently incarcerated in Valdosta State Prison. Doc. 87. Plaintiff is, therefore, currently not incarcerated within this District, but rather in the Middle District of Georgia. 28 U.S.C. § 90. Plaintiff has not stated any expectation that he will be transferred back to this District in the future.

"A preliminary injunction is an extraordinary and drastic remedy," and requires a plaintiff to establish four elements, among them "a substantial threat of irreparable injury". Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir. 2018) (citations omitted). There are more than 30 Defendants named in this action, and the Complaint indicates that most of these Defendants

are residents of the Southern District of Georgia. Doc. 1. Plaintiff does not indicate in his Motions from which Defendants he seeks injunctive relief. Rather, Plaintiff requests that the Court issue an order enjoining "Defendants" generally. To the extent Plaintiff requests injunctive relief from Defendants who reside in the Southern District of Georgia, he is not currently entitled to it. Because Plaintiff is incarcerated in the Middle District of Georgia, any Defendant who is a resident of the Southern District cannot pose "a substantial threat of irreparable injury" to him.

To the extent Plaintiff seeks injunctive relief from the Georgia Department of Corrections or any other Defendant who may be a resident of the Middle District of Georgia, even if the Court retains personal jurisdiction over these Defendants, this Court is not the most convenient venue for Plaintiff's claims for injunctive relief. Plaintiff requests the Court enjoin officials at Valdosta State Prison from violating his rights. Plaintiff's claims for injunctive relief are more properly heard before the United States District Court for the Middle District of Georgia.

Federal Rule of Civil Procedure 21 permits the Court to "sever any claim against a party." The Court may also "transfer any civil action to any other district or division where it might have been brought" if that venue is more convenient or better serves the interest of justice. 28 U.S.C. §1404. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for injunctive relief. Docs. 72, 73, 74, 78, 80, 81, 83, 86. I also **RECOMMEND** the Court sever Plaintiff's claims for declaratory and injunctive relief and **TRANSFER** those claims to the United States District Court for the Middle District of Georgia.

Of course, though Plaintiff's claims for injunctive relief are more properly heard in the Middle District, Plaintiff may proceed on his claims for damages for the alleged constitutional violations he suffered in this District. Some of Plaintiff's claims remain pending before this

Court, and Plaintiff has filed three Motions to expedite the Court's review of these claims under 28 U.S.C. § 1915. Docs. 84, 85, 89. To the extent Plaintiff moves the Court to expedite proceedings based on "imminent danger of serious physical injury", doc. 84, the Court **DENIES** his Motions. As discussed above, Plaintiff may pursue injunctive relief from the Middle District of Georgia. However, the Court will review the relative merits of Plaintiff's claims in the regular course of business.

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Injunctive Relief and **TRANSFER** his claims for prospective relief to the Middle District of Georgia. Docs. 72, 73, 74, 78, 80, 81, 83, 86. I also **DENY** Plaintiff's Motions to Expedite Proceedings. Docs. 84, 85, 89.

**SO ORDERED**, this 27th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA