IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WASEEM DAKER,

    Plaintiff,

               v.

PATRICK HEAD, *et al.*,

    Defendants.

Civil Action No.
1:20-cv-03690-SDG-JKL

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Waseem Daker's objections [ECF 251] to the Magistrate Judge's denial of his application to proceed *in forma pauperis* (IFP) and his objections [ECF 252] to the Final Report and Recommendation, which recommends that this action be dismissed. Since the Final Report and Recommendation [ECF 245] has been withdrawn,[1] Daker's objections thereto [ECF 252] are moot. For the reasons discussed below, his objections to the denial of his IFP application are overruled.

## I. Background

Daker, currently an inmate at Smith State Prison in Glennville, Georgia, initiated this action on May 19, 2014, in the Southern District of Georgia.[2] He raised

---

[1]   ECF 249.

[2]   ECF 1.

numerous claims against numerous defendants, most of whom are Georgia Department of Corrections officials. The pleading included claims against two former Cobb County prosecutors (Defendants Patrick Head and Jesse D. Evans) and a Cobb County Superior Court Judge (Defendant Mary E. Staley) (collectively, the Cobb County Defendants).[3] According to Daker, after he was convicted in 2012 of murder (among other things) in the Cobb County, Georgia Superior Court, the three Cobb County Defendants contacted state prison officials and requested that Daker be placed in solitary confinement and denied access to a law library in an effort to hinder his ability to challenge his conviction and sentence.[4]

On September 4, 2020, the Southern District of Georgia severed Daker's claims against the Cobb County Defendants as misjoined and transferred them to this Court.[5] On September 10, the Magistrate Judge directed that Daker either pay the full filing fee or execute and return an application to proceed IFP.[6] Daker submitted an IFP application showing that he had $1,095.79 in a checking account

---

[3]    ECF 1. Daker later filed an amended complaint. ECF 9.

[4]    ECF 1, at 10.

[5]    ECF 235.

[6]    ECF 239.

and $602.64 in a savings account—a total of $1,698.43.[7] The Magistrate Judge

determined that Daker had sufficient funds to pay the filing and administrative

fees, denied him leave to proceed IFP, and directed him to submit the necessary

$400 within thirty days.[8] On January 14, 2021, the Magistrate Judge recommended

that this action be dismissed without prejudice because of Daker's failure to timely

comply with the directive that he pay the filing and administrative fees.[9] The same

day, however, the Clerk received Daker's motions for an extension of time to object

to the denial of his IFP application.[10] The Magistrate Judge therefore withdrew the

recommendation that the case be dismissed.[11] Daker filed his objections,[12] and the

Magistrate Judge deemed them timely.[13]

---

[7]  ECF 241. It appears the Magistrate Judge had difficulty reading Daker's
application and interpreted a "6" as a zero; the Order denying Daker IFP status
indicates that he had a total of $1,**0**98.43 in his accounts rather than the actual
amount of $1,**6**98.43. This error only reinforces that Daker had the ability to
pay the filing fee.

[8]  ECF 242.

[9]  ECF 245.

[10]  ECF 247, 248.

[11]  ECF 249.

[12]  ECF 251.

[13]  ECF 253.

## II.      Discussion

In his objections, Daker first contends that, under 28 U.S.C. § 1914, he should not have been required to pay a new fee (or apply again to proceed IFP) when this case was severed and transferred from the Southern District of Georgia.[14] Daker does not cite any case law to support this interpretation of the statute. In fact, the cases this Court has located clearly support the Magistrate Judge's determination that Daker had to pay a new filing fee or again qualify for IFP status to proceed with this action. *Kennedy v. Skyview Plaza, LLC*, 616CV2128ORL22KRS, 2017 WL 603001, at *4 (M.D. Fla. Jan. 26, 2017) ("The law requires that Plaintiff pay a filing fee for each of the severed claims when those claims are filed in new cases."); *Atlas IP, LLC v. Medtronic, Inc.*, 13-23309-CIV, 2014 WL 11906632, at *2 & n.3 (S.D. Fla. Mar. 17, 2014); *Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 534 (M.D. Fla. 2012) (citing 28 U.S.C. § 1914(a)); *In re Diet Drugs*, 325 F. Supp. 2d 540, 542 (E.D. Pa. 2004) (holding plaintiffs must pay separate filing fee for each severed case because they would have paid separate filing fees if they had properly filed separate lawsuits for their misjoined claims); *DIRECTV v. Loussaert*, 218 F.R.D. 639, 644 (S.D. Iowa 2003).

---

[14]    ECF 251, at 3.

Daker next argues that the Magistrate Judge erred by purportedly making unsubstantiated inferences against him.[15] The Magistrate Judge concluded that Daker had $1,098.43 in two bank accounts based on what Daker reported in his financial affidavit and made no improper inferences.[16] Moreover, the Eleventh Circuit case that Daker cites to support his assertion that any reasonable inferences should be drawn in his favor—*Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam)[17]—says nothing of the sort. Rather, it simply repeats the well-known proposition that submissions made by pro se litigants should be construed liberally. *Id.* (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)).

Daker also faults the Magistrate Judge for failing to consider his debts and liabilities in denying him IFP status.[18] He asserts that, when he filed this action in 2014, "several family members lived in his home," and they would have to move

---

[15]   *Id.* at 4–5.

[16]   ECF 242. Because the amount Daker actually had on hand was even more than what the Magistrate Judge believed he had, any error inured to Daker's benefit.

[17]   ECF 251, at 4.

[18]   *Id.* at 5–8.

out because they could not meet the mortgage payments.[19] Daker further claimed that he was paying $90.00 per month for his parents' phone and internet service.[20] As to the numerous times that Daker has paid filing fees in other cases, he argues that is exactly why he should not have to pay the filing fee in *this* case—those payments "seriously depleted his assets," and he has no source of income.[21] He thus contends that payment of the fees here will further deplete assets he needs or may need in the future to care for his parents, or to pay witness fees, issue subpoenas, or retain experts for this case.[22] Finally, Daker lists cases in which he has been granted IFP status, appointed him counsel, or reversed the denial of IFP status.[23]

Daker's contention that the Magistrate Judge erred by failing to consider his debts and liabilities cannot succeed because Daker has not shown that he has any debts and liabilities. Nor was he under any obligation to pay his parents' bills. He has cited no law suggesting that his voluntary decision to do so, while commendable, must be considered when weighing his eligibility for IFP status.

---

[19]   *Id.* at 8.

[20]   *Id.* at 9.

[21]   *Id.*

[22]   *Id.* at 9–10.

[23]   *Id.* at 11–15.

Moreover, Daker's parents apparently passed away in July 2021.[24] Daker's contentions regarding his home are not compelling in light of the record in this action, which shows that he sold that home in 2018 for $464,900 when the outstanding loan amount was $352,309, indicating a profit of $112,591.[25]

Daker's arguments regarding the financial strain caused by the filing fees he has paid in the past are likewise unpersuasive. As the Eleventh Circuit has informed Daker, "proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise." *Daker v. Bryson*, 784 F. App'x 690, 693 (11th Cir. 2019). Every litigant has to weigh the costs when deciding to pursue a court remedy. As a ward of the State of Georgia, Daker's basic needs are being provided for regardless of the amount in his bank accounts. Daker's IFP application showed that he had nearly $1,700 in his accounts; there was no error in requiring him to use some of that money to pay the filing fees in this case.

More generally, by his own admission, Daker has paid more than $34,466 in federal court filing fees since 2014, while simultaneously claiming poverty in other cases.[26] He continues to pay fees in those cases in which he is prevented from

---

[24]   *Daker v. Keaton*, Case No. 1:16-cv-3745-SDG (N.D. Ga.), ECF 75, at 1.

[25]   ECF 140-5.

[26]   *Daker v. Keaton*, Case No. 1:16-cv-3745-SDG, ECF 79, at 12–15. In *Keaton*, the Magistrate Judge extensively analyzed both Daker's ability to pay and his

proceeding IFP under the 28 U.S.C. § 1915(g) "three-strikes" provision. Indeed, on March 7, 2023, Daker paid $402.00 in administrative and filing fees for a suit he brought in the District of Columbia, *Daker v. Wietelman*, Case No. 1:23-cv-00378-CKK (D.D.C.). On March 27, 2023, he paid $505.00 each for two appeals before the Eleventh Circuit, *Daker v. Owens*, Case No. 23-10146 (11th Cir.) and *Daker v. Owens*, Case No. 22-14263 (11th Cir.). He also paid a $505.00 fee for an appeal in October 2022. *Daker v. Owens*, Case No. 22-13438 (11th Cir.). These (and other) fee payments occurred *after* Daker stated in his objections that "neither prior grants of IFP nor denials of IFP are relevant to [Daker]'s current financial status because all those prior determinations were made based [on] information that has since changed. This Court should decide the current IFP based on Plaintiff's current financial status." The implication of that statement—that he might have had funds at some point, but that those funds are now depleted—is clearly belied by the fact that Daker paid the full filing fee in at least three cases in *March 2023 alone*. Far from

---

"longstanding pattern of deliberately concealing or misstating his assets in order to pursue IFP civil litigation." *Keaton*, ECF 75, at 5.

The Eleventh Circuit has noted that "a court's consideration of a party's ability to pay for costs and attorney's fees is not limited by the party's application for leave to proceed in forma pauperis, and that the court may look beyond the application to determine his financial condition." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (cleaned up).

being indigent and needing IFP status to bring his cases, Daker is attempting to game the system by seeking IFP status and then paying the fee only when that status is denied—while making numerous objections to the denials.

## III.   Conclusion

Because (1) Daker had sufficient funds to pay the filing and administrative fees when he filed his IFP application, and (2) since that time has repeatedly paid the full fees in other cases, the Court concludes that the Magistrate Judge correctly denied Daker IFP status. The objections [ECF 251] are therefore **OVERRULED**. To proceed, Daker must pay the full filing and administrative fee of $402.00 within thirty days. Daker's failure to timely pay the fee may result in the dismissal of this action regardless of any motions that he may file for reconsideration, to vacate this order, or to stay the order requiring filing fees.

The Clerk is **DIRECTED** to resubmit this Order to undersigned in 30 days.

**SO ORDERED** this 28th day of August, 2023.

Steven D. Grimberg
United States District Court Judge